UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| EPHRIAM B. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:17-CV-69-TAV-SKL |
| | ) | |
| SABRINA PRICE, | ) | |
| TIM LOCKEY, and | ) | |
| AUSTIN SWING, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On June 14, 2019, the Court entered an order providing that Plaintiff had fifteen days from the date of entry of the order to file an amended complaint [Doc. 6 p. 4–5]. On June 28, 2019, however, the United States Postal Service returned this mail to the Court [Doc. 7]. Accordingly, on July 2, 2019, the Clerk resent the order to Plaintiff's permanent address as listed in the complaint [Doc. 2 p. 3]. In the order, the Court warned Plaintiff that if he failed to timely comply therewith, the Court would dismiss this action [Doc. 6 p. 5]. More than eighteen days have passed since the Clerk resent the order to Plaintiff's permanent home address and Plaintiff has not filed an amended complaint or otherwise communicated with the Court, however. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital*

*Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [*Id.*].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter [Doc. 4] and he has not pursued the case since a notice of change of address [Doc. 3] with the Court more than eighteen months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**IT IS SO ORDERED**.

                                         s/ Thomas A. Varlan
                                         UNITED STATES DISTRICT JUDGE